[No. 8996. *En Banc.* August 22, 1910.]

THE STATE OF WASHINGTON, *on the Relation of Schuyler Duryee, Plaintiff,* v. I. M. HOWELL, *as Secretary of State, and* W. P. BELL, *as Attorney General, Defendants.*[1]

ELECTIONS—PRIMARY ELECTIONS—BALLOTS—"CONGRESSIONAL" OFFICE—FIRST AND SECOND CHOICE—STATUTES. The primary election law requiring first and second choice voting for candidates for a "congressional office", where there are four or more candidates, does not extend to or include United States senators, in view of Rem. & Bal. Code, § 4805, where the word "congressional" is qualified by the word "elective" which is not applicable to United States senators within the meaning of state election laws; and in view of the form of the pledge to be signed by state senators and representatives; and Id. § 4813 prescribing different positions in the election ballot in which shall be placed the names of candidates for "congressional office" and for "preference for United States senators", above the former being the warning "vote for both first and second choice", and above the latter being the warning "vote for one choice only." the sample ballot containing the names of four senatorial candidates.

Application filed in the supreme court August 20, 1910, for a writ of mandamus to compel the secretary of state to prepare and certify a certain official ballot for a primary election. Writ denied.

*Hulbert & Husted,* for plaintiff.

*The Attorney General,* and *W. V. Tanner* and *Geo. A. Lee, Assistants,* for defendants.

[1]Reported in 110 Pac. 543.

RUDKIN, C. J.—Section 4822, Rem. & Bal. Code, provides that,

"In all cases where there are four or more candidates of any political party for one state or *congressional* position, every elector voting at a primary election held under the terms of this act shall be required to designate one first choice and one second choice for each such position."

Section 4811 provides that,

"At least twenty days before any September primary the secretary of state shall transmit to each county auditor a certified list containing the name, postoffice address and party designation of each person entitled to be voted for at such primary, and the office for which he is a candidate, as appears by the nomination papers filed in his office."

Section 4831 provides that,

"It shall be the duty of the secretary of state and attorney general, on or before July 1, 1907, to prepare all forms necessary to carry out the provisions of this act, which forms shall be substantially followed in all primaries held in pursuance hereof."

Section 4829 provides that,

"Whenever it shall appear by affidavit to any judge of the supreme court or superior court of the county that any error or omission has occurred or is about to occur in the printing in the name of any candidate on official ballots, or that any error has been or is about to be committed in printing the ballots, or that the name of any person has been or is about to be wrongfully placed upon such ballots, or that any wrongful act has been performed or is about to be performed by any judge or clerk of the primary election, the county auditor, canvassing board or member thereof, or by any person charged with a duty under this act, or that any neglect of duty by any of the persons aforesaid has occurred, or is about to occur, such judge shall, by order, require the officer or person or persons charged with the error, wrongful act or neglect to forthwith correct the error, desist from the wrongful act, or perform the duty, and to do as the court shall order, or to show cause forthwith why such error should not be cor-

rected, wrongful act desisted from, or such duty or order not performed."

At the ensuing primary election to be held on the 13th day of September, 1910, there will be four or more candidates of the Republican party for the office of United States senator, the relator, Schuyler Duryee, being one of such candidates. This is an original application for a writ of mandamus in his behalf, against the secretary of state and the attorney general, to compel these officers to so prepare and certify the official ballot to the several county auditors that the electors of the state will have an opportunity to designate their first and second choice for the office of United States senator; and the application of the second choice provisions of the direct primary law to that office is the only question presented for our consideration. The provisions of the primary law tending to throw light on the question thus presented are the following:

Section 4805, Rem. & Bal. Code, provides that, "Hereafter, all candidates for elective offices in this state, either state, county, municipal, precinct or congressional, shall be nominated at a direct primary election held in pursuance of this act. . . ." Section 4808, relating to the fee and the time for filing declarations of candidacy, provides that, when the candidacy is for a state, *congressional* or district office, embracing more than one county, the fee shall be paid to the secretary of state. Section 4810 provides that declarations of candidacy for state offices, United States senators, representatives in congress and those members of the state legislature and judges of the superior court whose districts comprise more than one county shall be filed in the office of the secretary of state. Section 4813 prescribes the form of ballot and the method of voting, and so far as material to the question now under consideration, provides as follows:

"The position shall be arranged as follows, provided nominees for such positions are to be selected in said county under the provisions of this act hereinafter provided: First, con-

gressional; next, state; next, preference for United States senators; next, legislative; next, county officers; next, precinct officers; in all cases following under each heading here given, the rotation used in the make-up of the various ballots at the general election. . . . When there shall be four or more candidates for any state or *congressional* office, there shall be printed immediately under the designation of office the following: 'Vote for both first and second choice for this office.' On the next line shall be printed the words 'To vote for a person for first choice, mark a cross (X) in the first square at right of the name of the person for whom you desire to vote.' 'To vote for a person for second choice, mark a cross (X) in the second square after the name of the person for whom you desire to vote.' The form of ballot shall be substantially as follows:"

So much of that form as we deem material is here given:

PRIMARY ELECTION BALLOT

........................................................................................................Party
Designation of Party.
..............................................................County

To vote for a person, make a cross (X) in the square at the right of the name of the person for whom you desire to vote.

| Congressional | First Choice | Second Choice | Vote for one choice only | |
|---|---|---|---|---|
| Representative in Congress  Vote for both first and second choice for this office. | Vote for | Vote for | United States Senator | Vote for One |
| | | | John Doe................ | ............ |
| John Doe......... | ............ | ............ | John Doe................ | ............ |
| John Doe......... | ............ | ............ | John Doe................ | ............ |
| John Doe......... | ............ | ............ | John Doe................ | ............ |

Section 4828 provides that "The canvassing of the vote and the returns of reports of the primary election, as to candidates for state offices, United States senators and representatives in Congress, and any other candidate whose district extends beyond the limits of a single county, shall be done by a canvassing board consisting of the secretary of state, state

treasurer and state auditor." Section 4840 provides that "It shall be the duty of the secretary of state to certify to both houses of the legislature the names of the persons of each political party for whom the highest number of votes were cast at any primary election under the provisions of this law at which any persons were candidates for the nomination for United States senators, said certificates to be made and filed upon the first day of the session of such legislature convening next after said primary election." Section 4841 provides that any candidate for the office of state senator, or member of the house of representatives may, if he so desires, sign and file with his declaration of candidacy a declaration to the people of the state of Washington, and particularly of his legislative district that during his term of office he will always vote for the candidate for United States senator who has received the highest number of votes upon his party ticket for that position, at the primary election next preceding the election of United States senator, and in such case there shall be printed on the official printed ballot opposite or just below his name the following: "Pledged to vote for party choice for United States senator."

The right of the relator to the relief demanded depends largely upon the meaning to be given to the term "congressional," as employed in the different sections of the primary law. Thus, by section 4805, the provisions of the act are extended to all candidates for elective offices, either state, county, municipal, precinct or congressional. The term "congressional office" is again used in section 4813, and the term "congressional position" in section 4822.

Under section 1, of article 1, of the constitution of the United States, all legislative power is vested in a congress which shall consist of a senate and a house of representatives, and both senators and representatives are members of congress, or congressmen. The term congressman, or member of congress, however, is usually employed to designate a member of the lower house, and the term congressional is.

often employed with exclusive reference to that body. But the legislative intent must be gathered from the entire enactment and not from the technical definition of a single word. In section 4805 the word "congressional" is qualified by the word elective, and while United States senators are elected by state legislatures, the office is not an elective one within the meaning of state election laws.

The meaning of the term "congressional office," as used in section 4813, is explained in an earlier provision of the same section, which prescribes the order or position in which the names of candidates shall be arranged on the primary ballot: First, congressional; next, state; next, preference for United States senators, thus showing very clearly that United States senators are not congressional officers within the purview of that section. For the like reason the office of United States senator is not included in the term "congressional position" in a later section. This view of the statute is strengthened by the provisions requiring the secretary of state to certify to both houses of the legislature the name of the persons of each political party for whom the highest number of votes were cast at the primary election for the nomination for United States senators, and by the form of the pledge to be signed and filed by state senators and representatives. While these latter provisions are not wholly inconsistent with second choice votes, they are far more consistent with a single choice.

But if there were a doubt as to the proper construction of other provisions of the act, that doubt is removed by the form of ballot which the legislature has itself prescribed in section 4813. The form of ballot there given follows literally the provisions of the section preceding it. It first contains the names of candidates for representatives in congress; next, the names of candidates for the several state offices; and next, the names of candidates for United States senators. Above the names of candidates for representatives in congress and state offices is a warning to the voter to vote for both first and

second choice for these offices, while above the names of candidates for United States senators is a warning to vote for one choice only. To remove any room for doubt, the names of four senatorial candidates are inserted, which would bring the ballot within the second choice provision of the statute if that provision had any application.

To avoid the force of this provision the relator contends that legislative forms are only directory and that a substantial compliance therewith satisfies the requirements of the law. As a rule, this contention is sound, but we are not asked to uphold a form of ballot which substantially conforms to the requirements of the law. On the contrary, we are asked to compel a state officer to certify a form of ballot at variance with the form prescribed by the legislature itself. This we must decline to do.

From a consideration of the entire act, we are convinced that the legislature did not intend that the second choice provisions of the direct primary law should extend to or include the office of United states senator, and the writ is accordingly denied.

MORRIS, FULLERTON, DUNBAR, CHADWICK, CROW, and PARKER, JJ., concur.